**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

Eastern District of Kentucky
FILED

MAR 25 2026

AT FRANKFORT
Robert R. Carr
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. _____

UNITED STATES OF AMERICA                                      PLAINTIFF

V.                              **PLEA AGREEMENT**

ADAM LITTLE, JR.                                             DEFENDANT

\*   \*   \*   \*   \*

1.    Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the Information (the offense), which charges a violation of 21 U.S.C. § 841, possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2.    The essential elements of the offense are:

    (a)    The Defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

    (b)    The Defendant had the intent to distribute such substance; and

    (c)    The offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.



3. As to the offense, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

> On or about April 21, 2021, law enforcement executed a search warrant at the Defendant's residence in Pike County in the Eastern District of Kentucky. During the search, law enforcement located and seized 3,352.488 grams of methamphetamine, $22,752 of United States currency, and a firearm. The Defendant possessed this methamphetamine and intended to distribute it as he had done in the past.

4. The statutory punishment for the offense is imprisonment for not less than 10 years and not more than life, a fine of not more than $10,000,000, and a term of supervised release of at least 5 years. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

> (a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

> (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes between 5 kilograms and 15 kilograms of methamphetamine mixture, which corresponds to a base offense level of 34.

> (c) Pursuant to U.S.S.G. § 2D1.1(b)(1), increase the offense level by 2 levels because the Defendant possessed a dangerous weapon.

2

(d)      Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6.      No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7.      The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 and 2D1.1(e)(2).

8.      The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9.      If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10.      This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

11.      The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is

3

subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that may have already submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

12.     This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13.     The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

4

PAUL C. McCAFFREY
FIRST ASSISTANT U.S. ATTORNEY

Date: 3/19/2026                By: _____
                                   Andrew H. Trimble
                                   Assistant United States Attorney

Date: 3-16 2026                    _____
                                   Adam Little, Jr.
                                   Defendant

Date: 3-19-2026                    _____
                                   Jonah Stevens
                                   Attorney for Defendant

5